UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINCENT EUGENE WALKER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 10-0322 (RMU) |
| MORRIS L. DICKERSON, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

DISMISSING THE COMPLAINT AND VACATING THE FEE ASSESSMENT ORDER

On February 26, 2010, the *pro se* plaintiff, a federal prisoner, filed the instant complaint along with an application to proceed without prepayment of fees. *See generally* Compl.; Application to Proceed Without Prepayment of Fees. The court granted the application on April 19, 2010. *See* Order (Apr. 19, 2010). For the reasons explained below, the court now concludes that the plaintiff has failed to establish the court's subject matter jurisdiction over this case. Accordingly, the court dismisses the complaint without prejudice, vacates the order of April 19, 2010 and directs the Clerk of the Court to return any funds collected to the prisoner's account.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency,* 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction"). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *See* FED. R. CIV. P. 8(a); *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 561, (1992). The court has an independent obligation to examine its own jurisdiction since jurisdiction "goes to the foundation of the court's power to resolve a case." *Doe ex rel. Fein v. District of Columbia,* 93 F.3d 861, 871 (D.C. Cir. 1996).

A federal district court has subject matter jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations in the complaint, however, do not appear to arise under federal law. *See generally* Compl. (suggesting that the defendant improperly disposed of the plaintiff's personal belongings). Rather, they appear to sound in tort, alluding to causes of action for conversion, negligence or theft. *See id.* As such, they appear to arise under the common law or the laws of the District of Columbia rather than under federal law.

A federal district court also has subject matter jurisdiction over civil actions in matters in which the controversy is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, however, there is no indication that the amount in controversy exceeds $75,000. *See generally* Compl. Nor is there any indication that the parties are citizens of different states. *See generally* Compl. The defendant's address – as well as the address of the Just a Mite Program, Inc., with which the defendant is associated – is within the District of Columbia. *See id.* at 1. A prisoner's citizenship for purposes of diversity jurisdiction is presumed to be the state of which he was a citizen before he was incarcerated. *See Ceasar v. Rosstead,* 593 F. Supp. 2d 91, 93 (D.D.C. 2009) (citing *Smith v. Cummings,* 445 F.3d 1254, 1260 (10th Cir. 2006)); *see also Sullivan v. Freeman,* 944 F.2d 334, 337 (7th Cir. 1991); *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). Although the plaintiff is incarcerated outside of the District of Columbia, *see* Compl. at 1, the complaint contains no indication that the

plaintiff lived outside of the District of Columbia prior to his incarceration, *see generally id.* Therefore, the plaintiff has failed to establish diversity jurisdiction under § 1332(a).

For the foregoing reasons, the court dismisses the complaint without prejudice for lack of subject matter jurisdiction. In addition, the court vacates the order of April 19, 2010, assessing partial payments of the filing fee, and directs the Clerk of the Court to refund to the plaintiff any fees collected in association with the filing of this case.

An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 27th day of May, 2010.

RICARDO M. URBINA
United States District Judge